BOND STORES, INC., A CORPORATION, PLAINTIFF-RESPONDENT, v. ROBERT W. FRIEDMAN, DEFENDANT-PETITIONER.

Argued May 8, 1940—Decided May 25, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For plaintiff-respondent, *Julius P. Litwack* (*Max W. Meisner,* of counsel).

For the defendant-petitioner, *Van Sickle, Eichler & Marshack* (*A. Albert Eichler,* of counsel).

PER CURIAM.

The petitioner, Robert W. Friedman, seeks to review his conviction for contempt of court by the Orange District Court.

This is a companion case to *Bond Stores, Inc.,* v. *Fleisher,* 125 *N. J. L.* 79. In both cases the petitioner had been convicted of the same offense, contempt of court. The law has been sufficiently stated in 125 *N. J. L.* 79. The facts in this case are somewhat different.

It appears that the respondent obtained a judgment in the said District Court against the petitioner for $47.16; that an order of execution against his wages was made directing the Supreme Furniture Co. to withhold an unnamed amount or percentage of his weekly wages toward the payment of the judgment and to pay the same to plaintiff's counsel or to the constable. Service of a copy of this order was made upon the bookkeeper of Supreme Furniture Manufacturing Co. of which the petitioner was treasurer. A motion to set aside that order was made but apparently abandoned so while not served on petitioner it doubtless came to his notice.

The order not having been complied with the District Court issuing it made a rule to show cause, returnable before it, why petitioner should not be adjudged in contempt of court. On the return day the court after hearing argument, but apparently without hearing testimony, found the petitioner

guilty and ordered his arrest. He was later punished by the imposition of a fine of $25.

This court, like in No. 430 *supra,* in order to review the matter *de novo* as required by law, ordered that the manner of inquiry into the facts be by depositions to be taken before a designated Supreme Court Commissioner. The burden of proof to establish the truth of the charge was upon the respondent who made the charge. Practically no testimony was taken before the commissioner, certainly none of any help to us. The proofs therefore before us do not establish the guilt of petitioner.

Aside from that we fail to perceive how he could have been guilty of disobeying an order which was clearly defective as this one was because it did not state the amount or percentage of wages which was to be retained by the employer. This omission made the order a nullity.

The conviction is set aside, but without costs.